## INJUNCTION AGAINST EXECUTION ON JUDGMENT FOR RESTITUTION OF DEMISED PREMISES.

Circuit Court of Hamilton County.

SETH C. FOSTER ET AL v. EDWARD ELLISON.*

Decided, December 4, 1909.

*Forcible Entry and Detainer—Limitation of Effect of Judgment—Enforcement of, May be Enjoined, When—Questions as to Title—Lessee Holds Over—Right to Declare Forfeiture for Failure to Pay Rent Waived by Failure to Make Demand—Title to Permanent Leasehold Quieted.*

1. The provision of Section 6601, that a judgment in an action for forcible entry and detainer shall not be a bar to a second action, constitutes an exception to the general rule that equity will not enjoin the enforcement of a judgment where a defense at law was available; and if the facts alleged by one praying for an injunction against the enforcement of such a judgment entitle him to a decree quieting his title or fixing the extent of his title, injunction which is merely ancillary to the main issue of title, will lie until the question of title has been determined.

2. Where a lessee under a lease for three and one-half years renewable forever, holds over for twenty days before notice is served upon him to quit the premises, he thereby elects to renew the lease, and the provision not having been complied with that a forfeiture could only be declared after demand for unpaid rent duly made according to law, the lessee upon offering to pay his arrearages is entitled to a decree quieting his title to a permanent leasehold.

* Affirming *Ellison* v. *Foster et al.* 6 O. L. R., 666, which see for statement of the facts.

John L. Stettinus, for plaintiff in error.
Galvin & Bauer, contra.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

Upon a rehearing of this case, Section 6601, Revised Statutes, was urged as authority for affirming the judgment under review. It provides that a judgment in forcible entry and detainer shall not be a bar to any after action brought by either party. The judgment is thereby limited in its effect, and seems to furnish an exception to the general rule that equity will not enjoin the enforcement of a judgment where a defense at law was available. In this case the defense before the Justice, if any had been made,

would have been that a controverted question of title existed as shown by the lease under which Ellison was in possession, and while the Justice could not determine the ultimate question of title, he could adjudge that such disputed question existed and that it was a good defense in an action of forcible detainer.

It seems to be conceded that Ellison could maintain an action wherein the title could be determined, but it is claimed that he seeks only to enjoin the enforcement of the judgment, and has misconceived his remedy.  The prayer of the petition is for an injunction and gneral relief, and if the facts alleged entitle him to a decree quieting his title or fixing the extent of his title, it is difficult to see why he may not, under Section 6601, Revised Statutes, have a temporary restraining order until the question of title is determined.

The fact that the judgment is not a bar to any after action between the same parties and concerning the same subject-matter is a strong reason why the execution of the writ should be stayed until the higher court, competent to determine all questions involved, has decided the case.  The injunction is ancillary to the main issue of title, and must be dissolved if that issue is determined against the plaintiff.

Is such main issue well pleaded?

The term under the lease is for three and a half years, renewable forever, without any express notice required of the intention of lessee to renew.  He held over the term of three and one-half years for a period of twenty days before notice to quit the premises was served upon him, and thereby elected to renew.  He was at the time in arrears for rent due, but under the terms of the lease a forfeiture could be declared only after demand made according to law, and no demand other than the notice to quit was ever made.  He offers to pay all arrearages, and further avers that he has made lasting and valuable improvements upon the premises, in the belief that he had a perpetual lease with a privilege of purchase.

We are of opinion that the facts stated entitle him, upon payment of rent due, to a decree quieting his title to a permanent leasehold, and that the court did not err in overruling the motion to dissolve the restraining order.

Judgment affirmed.