**REAM, Plaintiff-Appellant, v. GASKILL, et., Defendants-Appellees.**

Ohio Appeals, Second District, Darke County.

No. 649. Decided December 23, 1946.

L. E. Kerlin, Greenville, for Plaintiff-Appellant.
Jesse K. Brumbaugh, Greenville, for Defendants-Appellees.

## OPINION

By HORNBECK, P. J.:

This is an appeal on questions of law from a judgment of the Common Pleas Court dismissing plaintiff's petition.

The action was to enjoin defendants from terminating a certain lease between the parties or taking any steps to obtain possession of the premises described in said lease until after April 10, 1949.

The claim of the plaintiff is that he is the lessee under a written lease between the parties which, by its terms, was to commence on March 10, 1943, and end on March 9, 1946. It is claimed, however, that the commencement of the lease was fixed by the agent of defendants as of April 10, 1943. That by the terms of said lease plaintiff lessee was given the privilege of an extender of the lease for a period of three years beginning at the termination of the first lease upon written notice given to defendants lessors of intention to renew and that the plaintiff pursuant to said lease did on the 10th of January, 1946, give his written notice to lessors of intention to renew. That, notwithstanding, plaintiff's exercise of his option to renew, the defendants are threatening to, and will if not restrained, terminate said lease without any right or authority in law so to do to the irreparable damage of plaintiff.

Defendants by way of amended answer deny generally the averments of the petition except the admission of the execution of the original written lease and aver that the notice of intention to exercise option to renew the lease was mailed to defendants on the 11th of January, 1946, and not on the 10th of said month, as alleged in the petition, and that by reason thereof the notice was not within the time provided by the lease and was not effective to renew it for a period of three years succeeding its termination. The amended answer further avers that defendants notified plaintiff of intention to terminate the lease as of March 9, 1946. The reply of plaintiff avers that the lease was to begin on April 10, 1943, and not on March 10, 1943, and denies that he did not exercise his option to renew lease within the period provided.

The final entry is general in form and discloses that the court sustained a motion of the defendants to dismiss the petition for the reason that the court did not have jurisdiction of the subject matter of the action.

The oral opinion of the trial judge which is before us would not be controlling of the subject matter of the judgment entry if inconsistent therewith but as it is consistent, it probably represents the theory upon which the judgment was entered. In this opinion the trial judge holds that the provision in the original lease that it should begin on March 10, 1943, was changed by a duly authorized agent of defendants-appellees to make the term of the lease commence April 10, 1943; that, although the notice of a purpose to exercise the option was given on January 11th and not on January 10th as averred, it was, by reason of §10216 GC for the full three months period. But that it did not conclusively appear that any action by the defendants against the plaintiff in forcible detainer was imminent and that any defenses that had come to the attention of the court would be applicable and available in an action at law in forcible detainer.

Appellant asserts that the dispute between the parties arising under the lease and the claimed exercise of option relates to the title to the premises involved as to which a Justice of the Peace would have no jurisdiction under §10232 GC and **Lynam v Schueler, 33 OO 562, 47 Abs 257.**

We are of the opinion that under the facts developed it may be concluded that the defendants contemplated a forcible detainer action and that it was imminent because of the notice which they had given to the plaintiff to quit the premises on the 9th of April, 1946. **Sec. 10451 GC** provides:

"A party desiring to commence an action under this chapter, must notify the adverse party to leave the premises, ***."

It may therefore be assumed that when a landlord gives a tenant a notice under this section that it is with the purpose to commence an action under the chapter.

It was also pointed out by the trial judge that to grant the relief sought would preclude the defendants from instituting an action at any time to recover possession of their premises without respect to default of any character on the part of the plaintiff. This would be true if the relief were granted in the complete form in which it is prayed in the petition but our question is whether or not the plaintiff is entitled to any of the injunctive relief contemplated in the prayer of his petition under the facts appearing.

It is our judgment that he is not so entitled, conceding

■ that his notice to renew was given within the time provided by the lease and that his renewed lease is a chattel real, **Bowers v Pomeroy, 21 Oh St 184,** and that in any action in forcible detainer by the defendants against him the question of title would be involved and that the Justice of the Peace would have no jurisdiction to entertain the action.

A Justice of the Peace or Municipal Court where succeeding to the powers of a Justice is given general jurisdiction in forcible entry and detainer under §10447 GC, et seq. and Municipal Court sections. This jurisdiction is comprehensive and it must be presumed adequate. If it appears either by plaintiff's action or defensively that title to the premises is ■ involved or may be brought into issue, the plaintiff may not maintain his action and the defendants would not be disturbed in their possession. If forcible detainer is not available to plaintiff then ejectment, §§11903 and 11904 GC, which is an action at law, is the appropriate proceeding and would be available to the defendants and if the plaintiff has a valid and subsisting lease this could be set up as a complete defense to the action. Humbert v Methodist Episcopal Church, Wright 213; **Sockman v Sockman, 18 Ohio 362.**

We are aware of the cases of **Tabor v Bellman, et al., 13 Oh Ap 382,** Foster et al. v Ellison, 12 O.C.C.N.S. 399, and **Ellison v Foster, et al., 6 OLR 666,** under which, in varying situations, the court took jurisdiction and granted injunctions in situations arising under the forcible detention statutes. However, each of these cases is decided upon the particular facts there appearing and are not, in our judgment, controlling of the determination here.

The actions which are available to defendants to recover possession of their real property are both legal in nature and if plaintiff's contentions here are well made, he has a complete defense which is adequate to either or both of them. These defenses are legal. In this situation equity should not intervene.

In conceding the factual claims asserted by the plaintiff, it is done only for the purpose of applying the law in the aspect in which we have considered it and is not a determination that this court finds that the claims are sound.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.

On Application For Rehearing.

Decided January 15, 1947.

## OPINION

By THE COURT:—

The application for rehearing will be denied.

HORNBECK, PJ, MILLER and WISEMAN, JJ, concur.