BAILEY, PLAINTIFF-APPELLANT, *v.* BUSHNELL,
DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25896.   Decided July 12, 1962.

450

*Mr. Norman A. Ryan* and *Mr. Albert D. Nesbitt,* for plaintiff-appellant.

*Mr. Thomas J. Gunning,* for defendant-appellee.

(CRAWFORD, P. J., KERNS and SHERER, JJ., of the Second Appellate District, sitting by designation in the Eighth Appellate District.)

CRAWFORD, P. J. Plaintiff-appellant lessee has sought temporary and permanent orders enjoining defendant appellee lessor from prosecuting a forcible entry and detainer action against plaintiff-appellant in the Municipal Court of Cleveland. The Court of Common Pleas sustained a demurrer to the petition. The present appeal is taken from that order.

At the end of the typewritten notice of appeal these words are written in pen and ink, "This appeal is on questions of law and fact." However, the appeal was listed on our docket as one on questions of law; no appeal bond was filed as required by Section 2505.06, Revised Code; the other steps prescribed in Rule V in appeals on law and fact have not been followed; there is no evidence before us; nor could evidence be introduced upon a demurrer. Counsel have proceeded as in an appeal on questions of law. It will therefore be considered as such.

Appellee's brief mentions appellant's failure to file a bill of exceptions as provided in Section 2321.05, Revised Code; to file an assignment of error; and to file a brief until four and a half months after the notice of appeal.

Lack of a bill of exceptions is not fatal to the appeal if the claimed error can be otherwise portrayed. It is clear from the brief that the sustaining of the demurrer is assigned as error even though the usual terminology is not used. No good cause is shown for failure to file such assignment and the accompanying brief within the time provided by Rule VII. But inasmuch as appellee has not pressed the point, we shall pass it for the present and examine the merits of the appeal.

The petition alleges a written lease with copy attached. The lease is dated October 3 (?), 1959, and is for a term of five years. It contains an agreement that in consideration of a reduced rental for the first three years lessee will within the first year make certain repairs, and lessor agrees to supply materials in an amount not to exceed $350.00; that lessee will keep the premises in good condition and repair; and that alterations made for the convenience and comfort of lessee shall involve no expense to lessor. It contains no acceleration, forfeiture or re-entry clauses in case of default.

The petition alleges plaintiff's performance, but that defendant wrongfully refused to accept monthly payments of rent and instituted the action in forcible entry and detainer in the Municipal Court; that pursuant to the lease plaintiff has invested considerable money and labor in improvements to the leasehold estate; that he has no remedy in law against the said action by the defendant; that unless restrained, defendant will prosecute his action and "evict the Plaintiff wrongfully and without recourse and without leave to plead adversely his cause therein, to the Plaintiff's irreparable damage."

The prayer is for temporary and permanent injunctions against defendant's prosecution of his action "and further relief . . . in equity."

The demurrer to this petition which was sustained contains two branches: (1) That the court has no jurisdiction of the subject of the action, and (2) That there is another action pending between the same parties for the same cause.

The record does not show upon what ground or grounds the demurrer was sustained. The second ground, which is similar to the common law plea in abatement, is not applicable; the two pending actions do not meet the requirements of identity. *Layne v. Baker*, 86 Ohio App., 293. And see 1 Ohio Jurisprudence (2d), 34 and 25, Abatement, Survival and Revival, Section 19. The first ground presents the decisive issue now before us.

According to the prevailing view in Ohio the existence of a written lease does not preclude an action in forcible entry and detainer. Where conditions specified in the lease entitle the landlord to re-enter, the jurisdiction is acquired and the issue is simple. But where there is no provision for re-entry the lessor cannot prevail in forcible entry and detainer before ob-

taining other relief in a court of more general jurisdiction. 24 Ohio Jurisprudence (2d), 472, 473, Forcible Entry and Detainer, Section 16.

It does not necessarily follow, however, that the petition states a cause of action for injunction. Assuming as we must upon demurrer, the truth of the allegations of the petition, plaintiff has a complete defense to the forcible entry and detainer action.

"3. A petition for an injunction instituted by a tenant in possession of certain premises under a written lease to restrain the owner thereof from taking any steps to recover possession thereof will be dismissed where the grounds relied upon could be set up as a complete defense to an action in forcible entry and detainer or ejectment." *Ream* v. *Gaskill*, 48 Ohio Law Abs., 56.

"The actions which are available to defendants to recover possession of their real property (forcible entry and detainer and ejectment) are both legal in nature and if plaintiff's contentions here are well made, he has a complete defense which is adequate to either or both of them. These defenses are legal. In this situation equity should not intervene." *Ream* v. *Gaskill*, 48 Ohio Law Abs., 56, at page 59.

If the defendant were to obtain from the Municipal Court relief to which he is not entitled and which is beyond the jurisdiction of the Municipal Court to grant, plaintiff would have a right of appeal. See *State, ex rel. Kennelly* v. *Miller*, 38 O. L. R., 225, 227.

Besides, if a judgment should be improperly rendered in forcible entry and detainer, there is authority for injunctive relief at that point against its enforcement. *Layne* v. *Baker*, 86 Ohio App., 293.

Prior to judgment, injunctive relief against forcible entry and detainer may occasionally have been granted as auxiliary or incidental to the principal relief sought. In this present case the principal relief asked is the injunction itself. If it were to be granted, the parties would be at a standstill in both cases. Plaintiff has not stated a cause of action; rather he has requested inaction.

There is reference in the brief to equitable defenses. The petition does not actually allege an equitable defense to the

action of forcible entry and detainer. It is conceivable that the lessee might have equitable rights but that the lessor would nevertheless be entitled to his possessory remedy. In such a case the equitable and possessory remedies could be pursued simultaneously by the respective parties. 24 Ohio Jurisprudence (2d), 478, 479, Forcible Entry and Detainer, Section 21.

The demurrer was properly sustained.

The judgment will be affirmed.

KERNS and SHERER, JJ., concur.