Ohio Water Service Co., Appellant, v. Alban et al.,
Appellees.

[Cite as Ohio Water Service Co. v. Alban (1975),
42 Ohio St. 2d 501.]

(No. 74-392—Decided June 25, 1975.)

*Messrs. Mitchell, Mitchell & Reed, Mr. James E.
Mitchell, Mr. Paul M. Dutton, Messrs. Arter & Hadden,*
and *Mr. Latham W. Murfey, Jr.,* for appellant.
    *Mr. Paul H. Mitrovich,* prosecuting attorney, *Mr.
Theodore Klammer,* for appellees.

*Per Curiam.* Ohio Water Service Co. (Ohio Water),
appellant herein, has furnished water service in certain un-
incorporated areas of Lake County since 1955, pursuant to
a contract with the county board of commissioners (Board),
appellee.

Appellant furnished the service, which had previously
been operated by appellee, for ten years, expanding the
operation throughout the service area.

In February of 1965 a controversy arose as to the
validity of the contract. A declaratory judgment action was
filed and a decision was rendered in January 1968, declar-
ing the contract invalid. On February 15, 1968, the Court
of Common Pleas filed its entry, which incorporated a ser-
ies of findings in the decision. An appeal was taken from
that decision, which was affirmed.

Appellant continued furnishing water service in the
service area. However, apparently because of some dis-
agreement over extension of the service, appellee Robert J.

502

Alban, county sanitary engineer, began to connect new customers into the transmission mains and local service lines. These new customers were instructed to pay the Board and not Ohio Water for the service.

Ohio Water instituted this action to enjoin the sanitary engineer from attaching consumers into the system. The Board intervened as a defendant and the cause was consolidated with an action in mandamus instituted by the Board pursuant to the findings in the declaratory judgment action, so that the Court of Common Pleas would order Ohio Water to apply to the Public Utilities Commission for a rate.

Since there was no dispute as to the facts in the injunction action, Ohio Water, pursuant to Civ. R. 56(A), filed a motion for summary judgment. That motion was overruled and the court entered final judgment for appellees.

The Court of Appeals affirmed, holding that the Board "had the legal rights to operate in the manner complained of."

This court granted a motion to certify the record.

Ohio Water argues that Section 19, Article I of the Ohio Constitution, requires that an agreement be reached on the rate the Board will pay Ohio Water before the Board may take Ohio Water's property and before the Board may connect new customers into the lines.

Appellant also argues that the Public Utilities Commission has exclusive jurisdiction to determine whether it should extend its service, and the Public Utilities Commission must approve of the Board taking over the operation of the utility.*

---

*Ohio Water argues that the Court of Appeals must be reversed because it failed to rule specifically on all errors briefed and argued. That court consolidated the errors assigned. It decided that the decision in the declaratory judgment action was correct, and that the Board was taking actions consistent with that decision and, therefore, affirmed.

While the opinion was concise, it adequately covered the errors raised so that an appeal could be taken.

The entry of the court in the declaratory judgment action, in pertinent part, provides:

"(9) that the Board holds all right, title and interest in and to the water mains and lines within the 'service area,' as described in said document of September 28, 1955, which are located in the presently unincorporated areas of Lake County, subject to the provisions of paragraph (12) below;

"(10) that the Board has the right to take over from the plaintiff the complete operation and control of all the water mains and lines referred to in paragraph (9) above, subject to the provisions of paragraph (12) below;

"(11) that the Board is not barred by laches, the statute of limitations, or estoppel from asserting its rights;

"(12) that the plaintiff cannot discontinue supplying water to the area presently supplied by the plaintiff in the unincorporated area of Lake County and the Board cannot refuse to obtain from the plaintiff the supply of water for such areas without the consent of the Public Utilities Commission of Ohio. The rate to be charged the Board by the plaintiff for such supply of water shall be determined by said Commission if the plaintiff and the Board cannot agree thereon, and such rate shall be sufficient to compensate the plaintiff over a reasonable period of time for the cost of the water mains and lines referred to in paragraph (9) above which were constructed by the plaintiff;

"(13) that if the Public Utilities Commission of Ohio fails or refuses to exercise jurisdiction or to fix the rate to be charged the Board, as set forth in paragraph (12) above, the determination of such rate shall be made by this Court."

The Board and Ohio Water have apparently not been able to agree and the Board asked the Public Utilities Commission of Ohio to take jurisdiction. The commission declined jurisdiction, so the mandamus action was instituted by the Board in the Court of Common Pleas. That action was consolidated with this case and the court refused to grant a writ of mandamus ordering Ohio Water to apply to the

504

Public Utilities Commission because the court determined that "no real effort has been made to secure a rate."

Neither side has made effective use of the procedure set forth by the Court of Common Pleas in the declaratory judgment action in order to resolve its problems.

Since the cause before us remains in this posture, an action in equity, seeking the extraordinary remedy of injunction, must be denied, because an adequate remedy at law exists. See, *e. g., State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W BROWN, JJ., concur.

P. BROWN, J., dissents.