**American Motors Corp.**
**v.**
**Huffstutler**
*[Cite as 2 AOA 297]*

Case No. WD-89-54
Wood County, (6th)
Decided March 12, 1990

R.C. 1333.51
DR 4-101, Code of Prof. Resp.

This matter is on appeal from a judgment of the Wood County Court of Common Pleas.

The facts of this case are as follows. In 1974, appellant, Rahn M. Huffstutler, began employment as an engineer with appellee, Jeep Corporation, a subsidiary of appellee, American Motors Corporation (referred to collectively as "Jeep"). While working for Jeep, Huffstutler attended law school, graduated and was admitted to the Ohio Bar in 1979.

In 1981, Huffstutler became manager of product design studies at Jeep. In 1982, he held the position of technical specialist in problem/systems analyst. In 1984, Huffstutler became manager of quality services. Jeep alleges that Huffstutler participated as a member of Jeep's legal defense team while employed with the company.

In March 1988, Huffstutler terminated his employment with Jeep. Shortly thereafter, Huffstutler was retained as an expert witness by plaintiffs' counsel in various products liability cases throughout the country. Jeep is a named defendant in many of these products liability actions.

On June 20, 1988, Jeep filed a complaint against Huffstutler in the Wood County Court of Common Pleas seeking preliminary and permanent injunctive relief. Essentially, Jeep sought to enjoin Huffstutler from consulting with counsel or testifying as a witness in any of the products liability cases where Jeep was a named defendant. On July 21, 1988, Huffstutler filed a counterclaim against Jeep essentially alleging malicious prosecution in seeking the injunction.

On May 17, 1989, the trial court entered judgment permanently enjoining Huffstutler from:

"1.Consulting or discussing with or disclosing to any counsel or other attorney or person any of the Plaintiff's trade secrets, confidential information or matters of attorney-client privilege or attorney client work products relating in any manner to the subject matter of any products liability litigation, whether already filed or filed in the future, which the Defendant received, had knowledge of or was entrusted with during his employment with AMC Jeep.

"2.From testifying either upon deposition or at trial, as an expert witness, or as a witness of any kind, and from consulting with attorneys or their agents in any products liability litigation already filed or to be filed in the future, involving Plaintiffs without Plaintiff's consent or order of this Court."

On July 14, 1989, the trial court entered summary judgment on Huffstutler's counterclaim in favor of Jeep.

It is from these judgments that Huffstutler raises the following six assignments of error:

"1. THE COURT OF COMMON PLEAS LACKS JURISDICTION TO GRANT JEEP'S MOTION FOR INJUNCTIVE RELIEF.

"2. THE LOWER COURT'S PERMANENT INJUNCTION ORDER IS UNCONSTITUTIONAL.

"3. PLAINTIFF'S PLEADINGS FAIL TO ALLEGE SUFFICIENT GROUNDS FOR THIS COURT TO ISSUE INJUNCTIVE RELIEF.

"4. THE COURT OF COMMON PLEAS ERRED IN GRANTING JEEP PERMANENT INJUNCTIVE RELIEF IN VIOLATION OF OHIO LAW.

"5. THE COURT ERRED IN GRANTING JEEP THE PERMANENT INJUNCTION BECAUSE OF THEIR IMPROPER AND ILLEGAL CONDUCT.

"6. THE LOWER COURT ERRED IN DISMISSING HUFFSTUTLER'S AMENDED COUNTERCLAIM."

As his first assignment of error, Huffstutler argues the Wood County Court of Common Pleas was without jurisdiction to determine the present action. Essentially, Huffstutler argues that service was perfected in at least seven out-of-state products liability cases against Jeep, where Huffstutler has been identified as a witness, prior to the institution of the present action for injunctive relief. Therefore, these prior actions divested the Wood County Court of Common Pleas of jurisdiction.

Rules of comity governing cases filed in two different courts are only applicable where such cases involve the same causes of action between the same parties. See *State, ex rel. Maxwell*, v. *Schneider* (1921), 103 Ohio St. 492, 495-496. The present case involves an action for injunctive relief; the out-of-state cases sound in tort. Further, Huffstutler is the named defendant in the present action; Huffstutler is not a party in any of the out-of-state cases. Therefore, we find the Wood County Court of Common Pleas did have jurisdiction to entertain the present action seeking injunctive relief. Accordingly, Huffstutler's first assignment of error is found not well-taken.

Huffstutler's second and third assignments of error will be addressed by this court together.

This court's standard of review involving a grant of injunctive relief is to determine whether the trial court abused its discretion. *Perkins* v. *Quaker City* (1956), 165 Ohio St. 120, the syllabus. However, it is well-settled law in Ohio that injunctive relief is appropriate only absent an adequate remedy at law. *Ohio Water Service Co.* v. *Alban* (1975), 42 Ohio St. 2d 501, 504.

In the present case, Huffstutler has been enjoined from testifying by way of deposition or trial and from being retained as an expert witness in any pending or future products liability actions where Jeep is a defendant. Such relief was awarded on the grounds that Huffstutler's testimony involves attorney-client privileged communication, attorney work product, a conflict of interest, trade secrets, and confidential information of a former employer.

We find that if Huffstutler's testimony involves privileged communication, the court in which the products liability actions are currently pending have adequate means of determining such privilege. If deposition testimony involves allege privileged or

confidential communication, protective orders may be sought from the trial court where the products liability actions are pending. See Civ. R. 26. Similarly, testimony at trial alleged to involve privilege or confidential communication may be subject to an in-camera review, prior to the trial court's determination of such testimony's admissibility. Further, if it can be shown that the retention of Huffstutler as an expert witness amounts to a conflict of interest, a motion to disqualify may be entertained by the trial court.

Therefore, we find the enjoining of Huffstutler from testifying or being retained as an expert witness in any present or future products liability action in which Jeep is a defendant amounts to an abuse of discretion in that there is an adequate remedy at law.

We also find the portion of the injunction prohibiting Huffstutler from discussing with any person information concerning attorney-client communication, attorney work product, trade secrets and confidential information constitutes an abuse of discretion. This court finds such prohibition unconstitutionally overbroad and vague, especially given that Huffstutler's First Amendment right of free speech is enjoined. See *Johnson* v. *Scripps Publishing Co.* (1940), 32 Ohio Law Abs. 423, 430. Further, injunction will be refused where enforcement of such injunction would be difficult outside of the court's jurisdiction and would unduly tax the court's supervisory powers. See *Meyer* v. *O'Dwyer* (1914), 90 Ohio St. 341, 345.

Accordingly, we find Huffstutler's second and third assignments of error well-taken.

In his fourth and fifth assignments of error, Huffstutler essentially argues that the trial court erred in determining that Huffstutler's testimony was privileged and confidential, that Jeep did not waive any such privilege and that Jeep's conduct towards Huffstutler was in itself improper.

Under the second and third assignments of error, we found that the determination of issues involving attorney-client communication, attorney work product, trade secrets and confidential information lies most properly with the court in which the products liability actions are presently pending. Accordingly, Huffstutler's fourth and fifth assignments of error are found not well-taken.

As a sixth assignment of error, Huffstutler, argues the trial court erred in dismissing his counterclaim which essentially alleges a cause of action from malicious prosecution.

An action for malicious prosecution requires that a legal proceeding be instituted without probable cause. *Huber* v. *O'Neill* (1981), 66 Ohio St. 2d 28, 29. Where a judgment in a civil action is adverse to the party bringing the malicious prosecution action, such judgment establishes probable cause as a matter of law. *Delk* v. *Colonial Finance Co.* (1963), 118 Ohio App. 451, 455. We find that even though the trial court's judgment is reversed upon appeal, absent a showing that such judgment was obtained by fraud or perjury, the existence of probable cause remains established as a matter of law.

In the present case, it is undisputed that the trial court issued a permanent injunction adverse to Huffstutler's interest. Therefore, we find that Jeep had probable cause in seeking injunctive relief and was entitled to summary judgment on Huffstutler's claim on malicious prosecution as a matter of law. Accordingly, Huffstutler's sixth assignment of error is found not well-taken.

*Judgment affirmed in part*
*and reversed in part.*

PETER M. HANDWORK, P.J.
GEORGE M. GLASSER, J. Concur.

CHARLES D. ABOOD, J., concurs in judgment only, in part, and dissents, in part.

ABOOD, J.

I dissent as to assignments of error Nos. 1, 4 and 5, and concur in judgment only as to assignments of error Nos. 2, 3 and 6.

I believe that the injunctive relief granted by the trial court should be reversed in its entirety.