FODOR, TRUSTEE OF BIDDULPH PLAZA SHOPPING CENTER, APPELLANT,
*v.* FIRST NATIONAL SUPERMARKETS, INC., APPELLEE.

[Cite as *Fodor v. First Natl. Supermarkets,
Inc.* (1992), 63 Ohio St.3d 489.]

(No. 90–1589—Submitted September 11, 1991—Decided April 15, 1992.)

490

*Arter & Hadden, William X. Haase, Irene Keyse–Walker, Jacob I. Rosenbaum, Carter E. Strang* and *James H. Grove,* for appellant.

*Benesch, Friedlander, Coplan & Aronoff, N. Victor Goodman, Edward Kancler, Stephen D. Williger* and *Eric Larson Zalud,* for appellee.

MOYER, C.J. Fodor brought this action in the court of common pleas where he alleged First National breached its contract. His complaint sought an injunction directing First National to relinquish possession of the retail space it leased to Fodor.

Before addressing the merit issues presented by this appeal, we must first determine whether appellant's injunction action was the appropriate remedy. An injunction is proper only where there is no adequate remedy at law. *Garono v. State* (1988), 37 Ohio St.3d 171, 524 N.E.2d 496; *Ohio Water Service Co. v. Alban* (1975), 42 Ohio St.2d 501, 71 O.O.2d 501, 330 N.E.2d 440. As stated in *Behrle v. Beam* (1983), 6 Ohio St.3d 41, 44, 6 OBR 61, 64, 451 N.E.2d 237, 239–240: "An action in forcible entry and detainer is an action at law based upon contract. It is an action to obtain possession or repossession of real property which had been transferred from one to another pursuant to contract—in this instance, transferred by way of a lease."

In the case at bar, the remedy of forcible entry and detainer was available to Fodor for an action seeking repossession of retail space from a tenant. *Joseph J. Freed & Associates v. Cassinelli Apparel Corp.* (1986), 23 Ohio St.3d 94, 23 OBR 255, 491 N.E.2d 1109.

Appellant's assertion that a forcible entry and detainer action is not the exclusive remedy available to seek repossession upon the default of a tenant is a correct statement of the law but inapplicable to the issue before this court. The question is not whether forcible entry and detainer is the exclusive remedy, but whether injunction is the exclusive remedy. While the existence

of the forcible entry and detainer statute may not preclude additional actions such as claims for damages, the existence of a remedy at law does exclude the option of injunctive relief.

In support of his argument, appellant cites *Seventh Urban, Inc. v. University Circle Property Development, Inc.* (1981), 67 Ohio St.2d 19, 25, 21 O.O.3d 12, 16, 423 N.E.2d 1070, 1075, at fn. 11; *Craig Wrecking Co. v. S.G. Loewendick & Sons* (1987), 38 Ohio App.3d 79, 526 N.E.2d 321; and *Kuhn v. Griffin* (1964), 3 Ohio App.2d 195, 32 O.O.2d 278, 209 N.E.2d 824. These cases, however, state only that in addition to a forcible entry and detainer action, other methods such as an action for recovery of rent arrearage or self-help repossession are available for commercial lessors. These cases do not address the fact that R.C. Chapter 1923 is an available remedy at law, thereby precluding an action for repossession by injunction. Appellant makes no suggestion that he was precluded from bringing an action in forcible entry and detainer. Under such circumstances, the injunction must be denied.

Cases specifically addressing this issue have held that injunction is inappropriate when a forcible entry and detainer action is available. In *Standard Oil Co. v. Carr* (App.1937), 24 Ohio Law Abs. 278, at 280, the appellate court stated: "Forcible entry and detainer is a legal action specifically designed to determine the right of possession between parties who are in controversy upon the question. The machinery of the law is set up to determine this right and further to quickly and effectively put the successful party into possession. The equity arm of the court should not be invoked in such a proceeding as this if the relief can be secured at law." In accordance with this holding are *Multi Channel TV Cable Co. v. Madison City, Inc.* (Jan. 23, 1989), Richland App. No. 2549, unreported, 1989 WL 11500; *Ream v. Gaskill* (App.1946), 48 Ohio Law Abs. 56, 70 N.E.2d 475; and *Harlan v. Veidt* (1915), 6 Ohio App. 45, 28 Ohio C.C.(N.S.) 401.

Appellant's claim is that the implied obligations imposed upon appellee by the written rental agreement have been breached and appellant brought this action seeking only repossession of the property. It is therefore incumbent upon appellant to proceed in accordance with R.C. Chapter 1923. Under R.C. 1923.02, proceedings in forcible entry and detainer may be had: "(9) Against tenants who have breached an obligation imposed on them by a written rental agreement[.]"

The forcible entry and detainer statute also requires a trial by jury if demanded by either party. "If a jury is demanded by either party in an action under this chapter, until the impaneling of the jury, the proceedings shall be in all respects as in other cases. The jury shall be sworn to try and determine whether the complaint * * * is true according to the evidence." R.C. 1923.10.

Appellant's attempt to regain possession through the equity jurisdiction of the court was not only an erroneous method to seek relief, but also denied appellee its statutory right to a trial by jury. We, therefore, hold that in an action seeking repossession of property, an injunction directing the return of such property may not be issued when the right to possession may be determined by an action in forcible entry and detainer and the complaining party has failed to pursue such action.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS and RESNICK, JJ., concur in judgment only.

DOUGLAS, J., concurring in judgment only. I concur with the judgment of the majority to affirm the court of appeals. I do not concur in the syllabus law pronounced by the majority but, rather, I agree with the comments of Justice Resnick on the issue of forcible entry and detainer in her concurrence in judgment only.

This is not a complicated case. The parties entered into a contract. This contract is called a lease. In such contractual arrangements, parties bargain—giving some and taking some. In the end, an agreement is drafted and the parties execute the agreement. If the contract is not ambiguous, does not violate public policy or violate the law, then it is enforceable as written. That is what happened here.

A review of the lease shows that the parties did *not* negotiate a continuous-use clause or a *guaranteed* percentage rental clause. Therefore, we cannot enforce such clauses unless we rewrite the lease. We could, of course, find an implied covenant of good faith and fair dealing in this and every other contract but that would require a majority of this court to recognize such a covenant in employment relationships as well, a step a majority of this court has, unfortunately, refused to take.

As we said in *Blount v. Smith* (1967), 12 Ohio St.2d 41, 47, 41 O.O.2d 250, 253, 231 N.E.2d 301, 305, "[t]he right to contract freely with the expectation that the contract shall endure according to its terms is as fundamental to our society as the right to write and to speak without restraint. Responsibility for the exercise, however improvident, of that right is one of the roots of its preservation." Further, in *Nottingdale Homeowners' Assn., Inc. v. Darby* (1987), 33 Ohio St.3d 32, 36, 514 N.E.2d 702, 706, we said that " * * * [g]overnment interference with this right must therefore be restricted to

those exceptional cases where intrusion is absolutely necessary, such as contracts promoting illegal acts. No such necessity exists in this case."

I agree with these propositions of law. I would, therefore, affirm the judgment of the court of appeals, which reversed the judgment of the trial court, and I would enter final judgment for appellee.

ALICE ROBIE RESNICK, J., concurring in judgment only. I concur in judgment only, and write separately to address the syllabus adopted by the majority. In essence, the majority holds that injunctive relief is improper because Fodor has an adequate remedy at law. In other words, Fodor must first avail himself of a forcible entry and detainer action in the municipal court. As will be seen, this position by the majority is tenuous, and can only serve to further increase the delays in litigation in cases such as the one before this court.

Initially, I believe the majority has adequately set forth the salient facts in this case, with one exception. The lease required First National to pay approximately $80,000 per year as a base rent, and a percentage of its gross sales above a certain amount. The majority notes that at the relevant time, the fair market rent of the leased property which the supermarket occupied exceeded "$5.00 per square foot." What the majority does not point out is that this amount translates into an annual fair market rent of $259,970. The importance of the percentage clause becomes glaringly obvious when considered in this light. Moreover, the fact that the base rent was so much lower than the fair market rent of the property may warrant a closer examination of Fodor's arguments pertaining to both the breach of an implied covenant to continue operations and, as determined by the trial court, the breach of the covenant of good faith implied in every contract.

## A

It is well known that "[f]orcible entry and detainer is a remedy which is purely statutory and which is unknown at common law, and it may be defined as a *summary civil remedy* provided by statute in certain enumerated cases, intended to affect only the question of possession of real property. * * * The purpose of the forcible entry and detainer statutes is to provide a *summary, extraordinary, and speedy* method for the recovery of the possession of real estate in the cases especially enumerated by statute." (Emphasis added.) 37 Ohio Jurisprudence 3d (1982) 78–80, Ejectment, Section 67. Moreover, the essence of a forcible entry and detainer action "is the right to present possession * * * and this is the sole ultimate issue in the case." (Citations omitted.) *Egner v. Egner* (1985), 24 Ohio App.3d 171, 172, 24 OBR 261, 262, 493 N.E.2d 999, 1001.

From the above, it is clear that case law in Ohio has traditionally treated forcible entry and detainer actions as summary proceedings through which an aggrieved party may recover possession of real property. The basic concept of the action relies on the speed with which the action may be determined, *i.e.*, the summary nature of the proceeding. Yet, the majority holds that a case such as the one presently before the court is ripe for this type of "extraordinary" proceeding. The majority has concluded that Fodor must first go through such a summary proceeding prior to seeking injunctive relief in order to recover possession. This case involves a complex commercial lease, a substantial amount of evidence including market surveys, records of past economic performances, expert testimony regarding appraisals and other evidence. Moreover, Fodor advanced credible arguments involving case law from Ohio and other jurisdictions. While a municipal or county court is certainly capable of deciding this type of case, I do not believe a summary proceeding is the best avenue for resolving this dispute. Moreover, it would clearly not provide an adequate remedy at law since First National would simply defend on the basis of its lease.

## B

The crux of this case is whether Fodor had an adequate remedy at law, as the majority holds, by instituting a forcible entry and detainer action. Clearly, injunctive relief is only proper when there is no adequate remedy at law. See *Garono v. State* (1988), 37 Ohio St.3d 171, 524 N.E.2d 496. But the key word in this case is "adequate." For several reasons, I conclude that on the facts of this case, and given the legal theories advanced by Fodor, a forcible entry and detainer action is not an *adequate remedy* at law which would preclude injunctive relief.

First, a trial court has broad discretion to grant injunctive relief, and it follows that such a judgment may not be reversed absent an abuse of that discretion: "The authorities are agreed that injunction is an extraordinary remedy equitable in nature, and that its issuance may not be demanded as a matter of strict right. An application for an injunction is addressed to the sound discretion of the trial court, * * * and its allowance is a matter of grace. Whether it will be granted depends largely on the character of the case, the particular facts involved and other pertinent factors, among which are those relating to public policy and convenience. If its allowance would be inequitable or unjust, it may be refused. And unless there is a *plain abuse of discretion* on the part of the trial courts, in granting or refusing injunctions, reviewing courts will not disturb such judgments." (Emphasis added.) *Per-*

*kins v. Quaker City* (1956), 165 Ohio St. 120, 125, 59 O.O. 151, 153, 133 N.E.2d 595, 598.

There has been no demonstration by First National that the trial court abused its discretion in determining that a forcible entry and detainer action would not be an adequate remedy at law. Indeed, First National argued to the trial court that Fodor had an adequate remedy at law in such an action, and this argument was rejected. The majority cites to no evidence in the record which would even remotely suggest that the trial court somehow abused its discretion when granting the injunctive relief. The reason for this is that there simply is none. Quite to the contrary, the trial court's decision is supported by a thorough set of findings of fact. In addition, the majority, rather than focusing on whether the trial court abused its discretion in concluding that forcible entry and detainer would not provide an adequate remedy at law, simply finds that forcible entry and detainer is *a* remedy. Therefore, the majority ignores the appropriate standard of review. After carefully reviewing the findings of the trial judge, and the record, I can discern no basis for finding an abuse of discretion.

Second, Ohio case law supports the proposition that "[w]here legal remedies are inadequate, forfeiture or cancellation of a * * * lease, in whole or in part, is an appropriate remedy for a lessee's violation of an implied covenant." *Beer v. Griffith* (1980), 61 Ohio St.2d 119, 15 O.O.3d 157, 399 N.E.2d 1227, at paragraph four of the syllabus. Once again, the trial court is in the best position to determine whether the possible legal remedies, here a forcible entry and detainer action, are an "adequate remedy." Case law from other jurisdictions also supports the concept that injunctive relief may be appropriate when warranted by the facts of a particular case. See *Slater v. Pearle Vision Center, Inc.* (1988), 376 Pa.Super. 580, 546 A.2d 676; *Ingannamorte v. Kings Super Markets, Inc.* (1970), 55 N.J. 223, 260 A.2d 841; *Lilac Variety, Inc. v. Dallas Texas Co.* (Tex.Civ.App.1964), 383 S.W.2d 193.

By deciding this case on purely procedural grounds, the majority avoids any discussion as to the merits of this case, see *Voinovich v. Ferguson* (1992), 63 Ohio St.3d 198, 586 N.E.2d 1020, and only further delays the time when Fodor will finally have his day in court. By requiring Fodor to now file a forcible entry and detainer action, the shopping center will continue without an anchor tenant to draw customers to the plaza. Consider the procedural history of this case: Fodor filed the instant action on August 30, 1988. The trial court issued its decision granting Fodor injunctive relief entitling him to immediate possession on September 13, 1989. An appeal was filed and a stay granted. On July 16, 1990, the court of appeals reversed the trial court. We granted certification of this case on January 16, 1991, and the case was argued on

September 11, 1991. It is now April 1992—nearly four years from the date of the original complaint. This court is now requiring Fodor to file a forcible entry and detainer action, which means more litigation and court time. Is this in the best interest of judicial economy? I think not!

R.C. 1923.03 indicates that even if Fodor loses in a forcible entry and detainer action, he may still file an action comparable to the one now before us. This is a complete waste of judicial resources—one that I cannot condone. Rather, we should continue to follow case law which allows a trial court, when presented with a complaint for injunctive relief, to determine whether and under what circumstances such remedies are to be granted or denied. Pertinent to this appeal, the trial judge is in the best position to determine whether a forcible entry and detainer action is an adequate remedy at law.

On the foregoing basis, I would affirm the court of appeals.