DECISION.
Relators-appellants, Edward Felson, James Rader and Dave West, appeal the decisions of the trial court granting summary judgment in favor of respondents-appellees, Bob Bedinghaus, Tom Neyer, Jr., John Dowlin, and the Hamilton County Board of Commissioners, and denying the motion of Ravert J. Clark to intervene. For the following reasons, we reverse in part and affirm in part.
Relators are criminal defense lawyers practicing in Hamilton County. They allege that they have accepted or still accept appointments from the Hamilton County Public Defender Commission to represent indigent defendants. In an earlier action, in February 2000, relators had filed a petition for a writ of mandamus in the Supreme Court of Ohio. The relators had requested that the fee schedule for legal services provided by appointed counsel be revised to provide adequate compensation rates to ensure the effective representation of indigent criminal defendants in Hamilton County. The supreme court granted an alternative writ on May 3, 2000.[1] The petition was amended twice. The second amended petition set forth eight causes of action. On August 9, 2000, the supreme court dismissed the petition "because relators ha[d] an adequate remedy in the ordinary course of law."[2]
Then, on August 25, 2000, relators filed a petition in the Hamilton County Common Pleas Court seeking a writ of mandamus. The petition set forth the same eight causes of action that had been asserted in their petition before the supreme court. In addition to requesting the same relief that had been requested from the supreme court, the petition included prayers for declaratory and injunctive relief. The trial court granted respondents' motion to dismiss the petition. On appeal, this court held that the trial court had properly dismissed six of the eight causes of action, and had properly dismissed the petition against respondents Hamilton County Public Defender Commission and its individual commissioners.[3] This court further held that the factual allegations in the remaining causes of action were sufficient to state a claim for which relief could be granted, and that the trial court had erred in dismissing two causes of action.[4]
In the remaining two causes of action, relators alleged that their rights were being violated because (1) the fee schedule established to compensate criminal defense attorneys who take appointments to represent indigent defendants precluded them from complying with the Code of Professional Responsibility, and (2) the fee schedule violated their rights under the Fifth Amendment because their hourly overhead expenses exceeded the rate of compensation that they received for taking appointments from the county public defender.
Following the remand to the trial court, Ravert J. Clark filed a motion for intervention pursuant to Civ.R. 24(B), and respondents filed a motion for summary judgment. The trial court denied Clark's motion and granted summary judgment in favor of respondents. Relators then filed this appeal.
Summary Judgment
In their first assignment of error, relators argue that the trial court erred in granting summary judgment in favor of respondents. In our analysis, we address each of the relators' requests for relief.
Writ of Mandamus
In this action, relators petitioned the common pleas court for a writ of mandamus, requesting that the court "set reasonable compensation rates to assure the effective representation of indigent criminal defendants in Hamilton County." The relators' earlier petition for a writ of mandamus in the supreme court requested the same relief. In this action, relators named as respondents the Hamilton County Board of Commissioners and its individual commissioners, as well as the Hamilton County Public Defender Commission and its individual commissioners. In their earlier petition in the supreme court, the same relators had named the same respondents.
The lack of an adequate remedy at law is an element necessary for the issuance of a writ of mandamus.[5] The supreme court's dismissal of relators' petition upon a finding of an adequate remedy at law was an adjudication on the merits.[6] Moreover, the supreme court's entry dismissing relators' mandamus action did not specify that the dismissal was with or without prejudice. In this respect, Civ.R. 41(B)(3) provides the following:
 A dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.
 Because the supreme court did not specify otherwise, its dismissal of relators' mandamus petition operated as an adjudication on the merits.[7]
Res judicata bars relators' successive mandamus claim. Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[8] Because the supreme court's dismissal of relators' first mandamus petition operated as an adjudication on the merits of a complaint based on the same facts, seeking the same relief and otherwise virtually identical to relators' successive mandamus petition, that judgment operated under res judicata to bar the successive mandamus claim brought in the court of common pleas.[9] Accordingly, we hold that the trial court properly granted summary judgment in favor of respondents on relators' request for mandamus.
B. Injunctive Relief
In their petition before the common pleas court, relators requested essentially the same relief that they had requested before the supreme court, in that the court "issue appropriate injunctive relief to require [respondents] to establish reasonable compensation rates to effectively represent indigent criminal defendants in Hamilton County." Respondents argue that the supreme court's dismissal of relators' mandamus action operated to bar relators' claim for injunctive relief. We agree.
It is axiomatic that an injunction is proper only where there is no adequate remedy at law.[10] As we have noted, the supreme court dismissed relators' mandamus action because it determined that relators had an adequate remedy at law.[11] Collateral estoppel "precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action which was based on a different cause of action."[12] Relators cannot relitigate in this action the lack of an adequate remedy at law as the supreme court held to the contrary in the prior action. Therefore, we hold that the trial court properly granted summary judgment in favor of respondents on relators' claim for injunctive relief.
C. Declaratory Judgment
Relators asked that the common pleas court "grant declaratory relief adjudging and declaring the present compensation system in violation of the above Constitutional and regulatory measures." In its entry granting summary judgment in favor of respondents, the trial court simply stated, "Upon consideration of the motion, the memoranda of counsel, and the arguments of counsel, the motion is determined to be well taken and is hereby granted."
In Kramer v. West American Ins. Co.,[13] this court held that the insureds' demand for a declaration of the rights and duties under an insurance policy should not have been disposed of by a bare entry granting summary judgment. We stated,
 As a general rule, a court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration.[14]
 This court has repeatedly held that such a failure by the trial court requires reversal and a remand for further proceedings.[15] Accordingly, we sustain in part relators' first assignment of error. We reverse in part the judgment of the trial court to the extent that it granted summary judgment in favor of respondents on relators' claim for a declaratory judgment. We remand the case for the trial court to declare relators' rights as sought in the complaint.
 II. Motion to Intervene
In their second assignment of error, relators claim that the trial court erred in denying Ravert J. Clark's motion to intervene. A ruling on a motion to intervene pursuant to Civ.R. 24(B) rests within the discretion of the trial court.[16] In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the rights of the original parties.[17]
In this case, the motion to intervene was filed more than a year after relators had filed their action in the trial court. Moreover, the motion was filed well after the case had been remanded to the trial court following this court's reversal of the dismissal of the action. Consequently, the trial court's judgment overruling the motion to intervene was not so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion.[18] The second assignment of error is overruled.
III. Conclusion
Therefore, we affirm the judgment of the trial court to the extent that it granted summary judgment to respondents on relators' requests for mandamus and injunctive relief. We reverse the judgment of the trial court to the extent that it granted summary judgment in favor of respondents on relators' claim for declaratory relief. We remand the case to the trial court for further proceedings consistent with law, limited solely to the claim for declaratory relief.
Judgment affirmed in part and reversed in part, and cause remanded.
Gorman, P.J., and Sundermann, J., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] See State ex rel. Felson v. McHenry (2000), 88 Ohio St.3d 1499,727 N.E.2d 922.
[2] State ex rel. Felson v. McHenry (2000), 89 Ohio St.3d 1475,733 N.E.2d 250.
[3] See State ex rel. Felson v. McHenry (Sept. 28, 2001), 1st Dist. No. C-000859.
[4] Id.
[5] See State ex rel. Hipp v. North Canton, 70 Ohio St.3d 102, 103,1994-Ohio-151, 637 N.E.2d 317; State ex rel. Schneider v. Bd. of Educ. ofthe N. Olmsted City School Dist. (1988), 39 Ohio St.3d 281, 282,530 N.E.2d 206.
[6] See State ex rel. Hummel v. Sadler, 96 Ohio St.3d 84,2002-Ohio-3605, 771 N.E.2d 853, at ¶ 19; State ex rel. Edwards v.Toledo City School Dist. Bd. of Edn., 72 Ohio St.3d 106, 1995-Ohio-251,647 N.E.2d 799.
[7] See Hughes v. Calabrese, 95 Ohio St.3d 334, 337, 2002-Ohio-2217,767 N.E.2d 725, at ¶ 13; State ex rel. Landis v. Morrow Cty. Bd. ofElections, 88 Ohio St.3d 187, 188-189, 2000-Ohio-295, 724 N.E.2d 775;Cairns v. Ohio Sav. Bank (1996), 109 Ohio App.3d 644, 650,672 N.E.2d 1058.
[8] Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus.
[9] See Hughes, supra, citing State ex rel. O'Donnell v. Vogelgesang
(1993), 91 Ohio App.3d 585, 588, 632 N.E.2d 1367; see, also, State exrel. Kopchak v. Lime (1975), 44 Ohio St.2d 3, 335 N.E.2d 700.
[10] See Fodor v. First Natl. Supermarkets, Inc. (1992),63 Ohio St.3d 489, 491, 589 N.E.2d 17; Garono v. State (1988),37 Ohio St.3d 171, 524 N.E.2d 496; Ohio Water Service Co. v. Alban
(1973), 42 Ohio St.2d 501, 330 N.E.2d 440.
[11] See State ex rel. Felson v. McHenry (2000), 89 Ohio St.3d 1475,733 N.E.2d 250.
[12] State ex rel. Kirby v. Loewendick Sons, Inc. (1992),64 Ohio St.3d 433, 596 N.E.2d 460.
[13] (Oct. 6, 1982), 1st Dist. Nos. C-810829 and C-810891.
[14] Id.
[15] Waldeck v. N. College Hill (1985) 24 Ohio App.3d 189, 190,493 N.E.2d 1375; Powers v. Meyers (Feb. 10, 1993), 1st Dist. No. C-920010; Lawless v. Industrial Comm. of Ohio (Jan. 17, 1996), 1st Dist. No. C-940735.
[16] See Adams v. Metallica, Inc. (2001), 143 Ohio App.3d 482,758 N.E.2d 286, citing Williams v. Avon (1977), 52 Ohio App.2d 210,369 N.E.2d 486.
[17] Civ.R. 24(B); Blackburn v. Harnoudi (1986), 29 Ohio App.3d 350,352-353, 505 N.E.2d 1010.
[18] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218,450 N.E.2d 1140.