**COLEMAN, Ex Rel STATE, Plaintiff-Appellee, v. MUNGER, et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 1972. Decided May 17, 1948.

Iddings, Jeffrey, Weisman & Rogers, Dayton, for plaintiff-appellee.

Mathias H. Heck, Pros. Atty., Albert J. Dwyer, Asst. Pros. Atty., Dayton, for defendants-appellants.

**OPINION**

By WISEMAN, PJ:

This is an appeal on questions of law and fact from the Common Pleas Court of Montgomery County, Ohio. The action is brought by John E. Coleman, as a taxpayer of Montgomery County, Ohio, to declare null and void a contract awarded by the Commissioners to the Asphalt Products and to enjoin its execution and performance. The case is submitted on an agreed statement of facts and the testimony of one of the Commissioners taken before a Special Master Commissioner.

Briefly the statement of facts shows that an advertisement was duly published by the Commissioners of Montgomery County, Ohio, for sealed bids for the resurfacing with T-35 Type "A" material of three roads knows as Cornell Drive, Stroop Road, and Needmore Road. The legal advertisement provided that "bids shall be upon blank forms to be obtained from the office of the County Engineer." Two sealed proposals were received by the Commissioners, one from Boyd & Cook Company, and the other from the Asphalt Products.

The blank form furnished by the County Engineer to Boyd & Cook Company complied in every particular with the specifications and advertisement with respect to the roads to be resurfaced. The blank form furnished by the County Engineer to the Asphalt Products included the three roads to be resurfaced and, also, an additional road, the Airway Road, and called for 19,604 tons of resurfacing material rather than 14,273 tons as stipulated in the legal advertisement. The form furnished Boyd & Cook Company contained two items which required the bidder to state the cost of the "Premium on Industrial Insurance," and the cost of "Maintaining traffic lights, signs, barricades and watchman, 24-hr. service." These two items were not set forth in the form furnished to Asphalt Products. Both contractors bid $5.80 per ton for material. Boyd & Cook Company bid $1,000.00 for cost of insurance and $1,000.00 for cost of maintaining traffic lights, etc. The As-

phalt Products placed no separate bid on the last two items mentioned.

The Commissioners accepted the bid of the Asphalt Products after being requested by Boyd & Cook Company to reject all bids. The plaintiff-appellee informed the Prosecuting Attorney of Montgomery County of the facts and requested him to bring the action enjoining the execution and performance of the contract awarded Asphalt Products, which request was refused. Thereupon the plaintiff-appellee instituted this action as a taxpayer of Montgomery County, Ohio, as authorized by the provisions of §§2921 and 2922 GC.

The plaintiff-appellee as a taxpayer of Montgomery County, Ohio, was given the legal right to institute the action. His right to prosecute the action is not barred because he has a financial interest in Boyd & Cook Company. In the absence of a showing to the contrary, the court must conclude the action has been instituted in good faith in the interest of the public. **Spahr v. Brown, 19 Oh Ap 107, 110; State, ex rel. Dacek, v. Clev. Trinidad Paving Co., 35 Oh Ap 118, 124; 39 O. Jur. page 22; 52 Am. Jur. page 15.**

The plaintiff-appellee contends that there was no actual competitive bidding as required by statute. **Secs. 6945** and **6946 GC** control the legal advertisement, the bidding and the awarding of the contract. **Sec. 6945 GC** in part provides: "The contract shall be let upon the basis of lump sum bids, unless the Commissioners order that the same be let upon the basis of unit price bids, in which event it shall be let upon such basis." The legal advertisement provided that plans and specifications were on file in the office of the County Engineer and the office of the County Commissioners for the inspection of all parties concerned. Paragraph 8 of the specifications provided: "The contractor shall bid a unit price per ton for furnishing, applying and rolling the T-35 according to the specifications and the direction of the County Engineer." Thus, under the statute and the specifications a bid on the unit price per ton was required.

The specifications did not require a separate bid on the maintenance of traffic or industrial insurance. With respect to the maintenance of traffic, paragraph 3 of the specifications provided: "Traffic shall be maintained at all times to the satisfaction of the County Engineer. The item of maintaining traffic shall include furnishing lights, signs, barricades and watchmen necessary to secure the unimpeded flow of traffic, twenty-four (24) hours daily." With respect to insurance, Paragraph 10 of the Specifications provided: "State

labor laws regarding the eight hour day, sanitation, safety code, industrial compensation, liability, etc. shall apply."

Under the statutory provisions applicable (§6945 GC), the legal advertisment and the specifications we conclude that the bid of a unit price per ton included the cost of "maintaining traffic, etc." and "industrial insurance," and no separate bid on these items was required. The bid of Boyd & Cook Company listed the cost of these two items separately, whereas the bid of the Asphalt Products omitted these two items. The bidders were bound by Paragraphs 3 and 10 of the specifications and were compelled to comply therewith. The record shows that Boyd & Cook Company by letter delivered to the Commissioners before the bid of the Asphalt Products was accepted, waived compensation for the two items of maintaining traffic and industrial insurance and agreed to furnish material at $5.80 per ton in conformity with their bid. This action on the part of Boyd & Cook Company did not have the effect to make the bidding competitive if it was otherwise non-competitive. Whether the bidding was competitive must be tested by the bids submitted at the time they were opened. **Beaver & Butt v. Trustees of the Blind Asylum, 19 Oh St 97, 108.**

We now consider the principal question for determination. The advertisement provided for letting bids for resurfacing three roads. The furnishing of 14,273 tons of T-35 Type "A" material was required. The specifications conformed to the advertisement. The bid of the Asphalt Products was for the resurfacing of the three roads stipulated in the advertisement and specifications and, also, an additional road, which provided for the furnishing of 19,604 tons of T-35 Type "A" material. The bid of Asphalt Products called for furnishing 5,531 more tons of material than the bid of Boyd & Cook Company. Under the bid of Boyd & Cook Company the record shows the average length of haul of material for the three roads would have been 6.6 miles, and if the fourth road had been included, the average haul would have been 5.5 miles. The record is silent in either case with respect to the average length of haul required of the Asphalt Products. Concededly, the length of haul of material and the quantity of material to be furnished affected the amount of the bid of a unit price per ton. These two factors were material in arriving at the cost. Because of the variance of the material to be furnished and the roads to be resurfaced as reflected by the two bids it is obvious that the two bidders were not bidding on the same project.

It is claimed that the Commissioners in the exercise of their discretion have a right to waive irregularities in a bid. While the law gives the Commissioners the authority to waive irregularities or requirements as to the form of bids (**Ross v. Board of Education, 42 Oh St 374, 379;** State, ex. rel. Ayers v. Green, 22 C. C. N. S. 321, 327; **Ach, et al., Commrs. v. State ex rel. Brielmaier, 43 Oh Ap 525; Volume 33 O. Jur. page 694, Sec. 53**) they have no authority to waive defects which affect or destroy competitive bidding. Beaver & Butts v. Trustees of Blind Asylum, supra; **Boran & Guckes v. Commissioners of Darke County, 21 Oh St 311, 322;** State of Ohio ex. rel. Office Speciality Co. v. Betts, et al. Commissioners, 2 O. C. D. 434; Pease v. Ryan, 3 O. C. D. 654, 657; Lake Shore Foundry v City of Cleveland, et al. 4 O. C. D. 230; **Mulcahy v. City of Akron, 27 Oh Ap 442, 450; Foley v. City of Cincinnati, 29 O. O. 51, 55. Volume 33 O. Jur. P. P. 694, 697, 698;** Volume 43 Am. Jur. page 789. The bid of Asphalt Products differing from the legal advertisement and the specifications so materially as to substantially affect the price, the Commissioners were not invested with discretion or authority to waive this vital defect.

It is claimed that a representative of the Asphalt Products read the advertisement and discussed with one of the Commissioners the roads to be improved prior to submitting the bid, and, therefore, he was advised that the improvement affected only three roads instead of four. The test as to whether the bid submitted complied with the law relative to competitive bidding is determined not by the knowledge of the bidder but by the character of the bid submitted. True, there is no charge of fraud, bad faith, or improper conduct on the part of bidders or officials concerned. However, when it is reasonably certain that factors which would materially affect the price entered into the submission of one bid which were not considered in the other bid as submitted, as shown by the record in this case, the bidding has not been competitive as required by law. In such case the Commissioners have no discretion to exercise.

Permanent injunction is granted against defendants-appellants as prayed for. An entry may be drawn accordingly.

MILLER and HORNBECK, JJ, concur.