**HARDRIVES PAVING AND CONSTRUCTION, INC., Appellant,**

**v.**

**CITY OF NILES, Appellee.**

[Cite as *Hardrives Paving & Constr., Inc. v. Niles* (1994), 99 Ohio App.3d 243.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 93–T–4910.

Decided Nov. 14, 1994.

*William M. Roux,* for appellant.

*J.T. Dull,* for appellee.

FORD, Presiding Judge.

This case comes from the Trumbull County Court of Common Pleas.

In April 1993, appellee, the city of Niles, solicited bids for the "1993 City Resurfacing Program," a road repaving project. Appellee received three bids on the project. Unit prices were itemized by each of the competitive bidders as required by the bid specifications. Appellant, Hardrives Paving and Construction, Inc., submitted the lowest total bid at $225,588.40, followed by Gennaro Pavers, Inc. ("Gennaro") at $225,592.30, and the City Asphalt & Paving Co. ("City Asphalt") at $261,609.41.

Despite the fact that appellant underbid Gennaro by $3.90, Mark Hess, the Engineering and Development Coordinator, recommended that the contract be awarded to Gennaro. In a letter, Hess expressed his rationale as follows:

"Although the low bidder is Hardrives Paving at $225,588.40 and Gennaro Pavers is second at $225,592.30, I am recommending the award be made to Gennaro Pavers Inc. for the following reasons:

"1. $245,000.00 is available for resurfacing which will mean extending the contract to include $20,000.00 of additional paving. The highest cost item in this extension will be asphalt concrete which is $49.40/CY in Hardrives bid and $48.00/CY in Gennaro Pavers bid.

"2. Gennaro's equipment is currently in town and he is ready to start upon notification.

"Please be aware that this recommendation is based on cost projections *only* and is not a reflection on Hardrives Paving. They have performed quality work in the past for the City and if your decision is to award Hardrives Paving this contract, I am confident they would perform effectively." (Emphasis added.)

With the remaining funding, appellee intended to add Niles–Vienna Road and Near Street to the repaving project. Neither road appeared in the bid specifications.

Appellant filed a complaint seeking a writ of mandamus, injunction and declaratory judgment. Additionally, at trial, the court permitted appellant to present testimony for lost profits if it were not awarded the job under any of the previously mentioned avenues.

The trial court ruled against appellant, concluding that the decision to award the contract to Gennaro was not an abuse of discretion.

Appellant[1] appeals, assigning the following as error:

"1. The Trial Court erred to the prejudice of Plaintiff–Appellant by denying Plaintiff–Appellant's request for Writ of Mandamus and/or Declaratory Judgment when it found that no abuse of discretion existed on the part of Defendant–Appellee where Defendant–Appellee failed to comply with competitive bidding requirements pursuant to Ohio law as to 'lowest and best,' materially changed the bid specifications after opening the bids, and further awarded the public contract to the second lowest bidder, Gennaro Pavers, based on the changes in the bid specifications.

"2. The Trial Court erred in refusing to award damages to Plaintiff–Appellant where an abuse of discretion was shown and where Plaintiff–Appellant presented evidence as to lost profits, which evidence was not rebutted by Defendant–Appellee."

R.C. 735.05 governs the present situation. It states:

---

1. Appellee did not file a brief with this court.

"The director of public service may make any contract, purchase supplies or material, or provide labor for any work under the supervision of the department of public service involving not more than ten thousand dollars. When an expenditure within the department, other than the compensation of persons employed therein, exceeds ten thousand dollars, such expenditure shall first be authorized and directed by ordinance of the city legislative authority. When so authorized and directed, except where the contract is for equipment, services, materials, or supplies to be purchased under division (D) of section 713.23, or section 125.04 or 5513.01 of the Revised Code or available from a qualified nonprofit agency pursuant to sections 4115.31 to 4115.35 of the Revised Code, the director shall make a written contract with the *lowest and best bidder* after advertisement for not less than two nor more than four consecutive weeks in a newspaper of general circulation within the city." (Emphasis added.)

In *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 552 N.E.2d 202, the court noted that the statute does not require a contract to be awarded to the lowest bidder because factors other than price may be considered in determining the "lowest and best" bidder. *Id.* at 21, 552 N.E.2d at 204–205. Moreover, the statute empowers the decisionmakers with discretion in determining the lowest and best bidder and a court should not intervene absent a showing of an abuse of discretion. *Id.*, at 21–22, 552 N.E.2d at 204–205.

In appellant's first assignment of error, it contends that the court should have granted a writ of mandamus or declaratory judgment in its favor.

First, appellant maintains that it was entitled to a writ of mandamus. For a writ of mandamus to issue, appellant was required to establish that it had a clear legal right to the relief prayed for, that appellee was under a clear legal duty to perform the acts and that appellant had no plain and adequate remedy in the ordinary course of the law. See *State ex rel. Weger v. Hague* (May 27, 1994), Ashtabula App. No. 93–A–1840, unreported, at 2, 1994 WL 237984.

As previously stated, appellee has discretion in determining the lowest and best bidder. "[A] statute which confers upon a board of public officers authority to make a contract 'with the lowest and best bidder,' confers upon the board a discretion with respect to the contract which can not be controlled by mandamus." *State ex rel. Walton v. Hermann* (1900), 63 Ohio St. 440, 59 N.E. 104, syllabus. See, also, *Cedar Bay* 50 Ohio St.3d at 22, 552 N.E.2d at 205. Thus, mandamus is not available, and this argument is meritless.

Next, appellant contends that he was entitled to declaratory judgment. "It is well-settled that three elements are necessary to obtain a declaratory judgment: (1) a real controversy between parties, (2) a controversy which is justiciable in character, and (3) a situation where speedy relief is necessary to

preserve the rights of the parties." *Buckeye Quality Care Centers, Inc. v. Fletcher* (1988), 48 Ohio App.3d. 150, 154, 548 N.E.2d 973, 976. All of these elements are fulfilled in the present case. Furthermore, appellant is seeking to have its rights under a statute declared which is expressly set forth in R.C. 2721.03.

■■ As previously stated, appellee has discretion to award the contract, and its decision should not be altered absent an abuse of discretion. *Cedar Bay,* 50 Ohio St.3d at 21–22, 552 N.E.2d at 204–205. "Regarding the term 'abuse of discretion' by a public authority in the letting of a contract subsequent to the taking of bids, [it is] recognized that such an abuse includes the utilization of unannounced criteria in selecting a bidder * * *." *State ex rel. Executone of Northwest Ohio, Inc. v. Commrs. of Lucas Cty.* (1984), 12 Ohio St.3d 60, 61, 12 OBR 51, 53, 465 N.E.2d 416, 417. Clearly, the decision to award the contract to Gennaro was based on such criteria because the additional streets were not part of the bid specifications. Thus, the trial court erred in concluding that appellee did not abuse its discretion. This argument has merit.

■ In its second assignment, appellant claims it was entitled to money damages for lost profits; however, it has not cited any case which has ever awarded money damages in a situation like this. Furthermore, injunction is available as a remedy for an unsuccessful bidder. See *Cedar Bay Constr. v. Fremont* (Nov. 18, 1988), Sandusky App. No. S–87–36, unreported, at 5–6, 1988 WL 123642.

■ Injunctive relief should not ordinarily be granted unless irreparable injury will result. 56 Ohio Jurisprudence 3d (1984) 135, Injunctions, Section 32. Stated otherwise, "[a]n injunction is proper only where there is no adequate remedy at law." *Fodor v. First Natl. Supermarkets* (1992), 63 Ohio St.3d 489, 491, 589 N.E.2d 17, 19. It would appear that if monetary damages for lost profits were an available remedy, damages would provide an adequate remedy at law and injunction would not be appropriate. Thus, the fact that injunctive relief is available generally indicates that a monetary award is not available for lost profits.

Furthermore, other policy considerations militate against allowing monetary damages. The intent of competitive bidding is to protect both the public and the bidders themselves. See *Cedar Bay Constr.,* 50 Ohio St.3d at 21, 552 N.E.2d at 204–205. Thus, if we were to allow appellant to receive monetary damages, only the bidders would be protected because the public would have to pay the contract price of the successful bidder plus the lost profits of an aggrieved bidder.

However, if injunction is the sole remedy, both the public and the bidders themselves are protected. Accordingly, we conclude that injunction is the only remedy available. This assignment is without merit.

Appellee abused its discretion because in making its decision to award the contract to Gennaro, it utilized criteria which were not part of the bid specifications. Additionally, injunction is appellant's sole remedy.

While, based on the foregoing, the trial court's opinion is reversed in part, we note that appellant did not obtain a stay of the trial court's decision. Although the record does not disclose whether the roads have already been repaved, it may well be that that has occurred, since some time has elapsed between the time that the trial court issued its decree and the pronouncement rendered by this court today. If the roads have been repaved, this dispute may well have been mooted by the passage of time. Nevertheless, we are of the view that public policy considerations require an opinion by our court in this case.

Based on the foregoing, the judgment of the trial court is affirmed in part, reversed in part, and the cause is remanded for proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

DONOFRIO and MAHONEY, JJ., concur.

GENE DONOFRIO, J., of the Seventh Appellate District, sitting by assignment.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.