MIDWEST SERVICE MANAGEMENT, INC., Appellant,

v.

LICKING VALLEY LOCAL BOARD OF EDUCATION, Appellee.

[Cite as *Midwest Serv. Mgt., Inc. v. Licking Valley Local Bd. of Edn.* (2001), 144 Ohio App.3d 443.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 00CA108.

Decided June 6, 2001.

*Morrow, Gordon & Byrd, Ltd.* and *Adam K. Vernau,* for appellant.

*Jones, Norpell, List, Miller & Howarth* and *David Q. Wigginton,* for appellee.

---

WISE, Judge.

Appellant Midwest Service Management, Inc. ("MSM") appeals the decision of the Licking County Court of Common Pleas that granted summary judgment on behalf of Licking Valley Local Board of Education ("board"). The following facts give rise to this appeal.

During the summer of 2000, the board was in the process of purchasing equipment for the new Licking Valley High School, which included the purchase of technology equipment and video equipment. The board extended a formal request for proposals, by publication, on June 15, 2000, and June 22, 2000. As part of the bid criteria, the board requested brand name computers, specifically Compaq or Dell. The board requested that sealed proposals be received, at the office of the board treasurer, on June 27, 2000, at 1:00 p.m. Appellant, along with several other contractors, submitted bids. MSM submitted the lowest bid for technology equipment and also submitted the required bid bond. However, MSM's bid was not for Compaq or Dell computers.

On July 10, 2000, the board conducted a meeting, and the board's superintendent, John Larson, recommended approval of a bid for personal computers, servers, printers, and network electronics totaling $354,683.50. MSM's bid for these same items was $330,800, which is a difference of $23,883.50. Following discussion and protest from MSM, the board determined that the issue should be tabled pending review by legal counsel.

The board conducted another meeting on July 27, 2000, and adopted two resolutions concerning the purchase of this equipment. Specifically, in Resolution Number Two, the board stated:

"Whereas several of the bids were submitted without the required bid bond; and

"Whereas none of the bids [is] sufficiently responsible, considering the terms of the bid and/or the absence of the bid bond to satisfy the Board of Education;

"WHEREFORE, all bids for computer software and hardware, both instructional and noninstructional, are hereby rejected pursuant to the authorization

found in R.C. 3313.46(A)(6). The treasurer shall notify all bidders of the rejection and the reason for the rejection."

Resolution Number Three provides:

"Whereas all of the bids were rejected as invalid or not responsible; and,

"Whereas the School District will open the High School to the teachers on August 25, 2000 and to the students on August 29, 2000; and

"Whereas it will be necessary for the teachers to work with the computers in preparation for their students on August 25, 2000; and

"Whereas it is impossible to proceed with a formal bid pursuant to the Revised Code Section 3313.46, order and install the computers prior to the opening of the School; and

"Whereas the Board believes that the computer software and hardware for instructional purposes is an integral part of the operation of the school and that the acquisition and installation of such items is urgent and necessary[;]

"WHEREFORE, pursuant to the provision of 3313.46(B)(4) of the Ohio Revised Code which exempts computer software and hardware purchased for instructional purposes from the bidding process and, because the Board has determined that there is an urgent necessity to order this instructional computer software and hardware in sufficient time to allow it to be installed and prepared for the students, this Board does hereby authorize the issuance of the following purchase orders for computer hardware and software to be used for instructional purposes: * * *[.]"

On July 31, 2000, the treasurer of the board mailed MSM a letter regarding Resolution Number Two. However, MSM never received a written notice explaining why its bid was rejected by the board. Pursuant to Resolution Number Three, the board proceeded to purchase the equipment it needed, bypassing the bidding process.

On August 4, 2000, MSM filed a complaint requesting a money judgment against the board for lost profits resulting from the alleged wrongful rejection of its bid. The board did not file an answer, but instead filed a motion to dismiss, or, in the alternative, a motion for summary judgment. The trial court addressed the motion as a motion for summary judgment and granted the board's motion on November 30, 2000. MSM timely filed its notice of appeal and sets forth the following assignments of error for our consideration:

"I. The trial court erred in granting appellee's motion for summary judgment.

"II. The trial court erred in determining that plaintiff did not submit a responsive bid to the defendant's request for proposals."

*Summary Judgment Standard*

Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. See *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 79, 506 N.E.2d 212, 215. Therefore, we must refer to Civ.R. 56(C), which provides:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.

The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, 1171, quoting *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274. It is based upon this standard that we review MSM's assignments of error.

*Assignments of Error*

We will address MSM's two assignments of error together since MSM did not address the assignments of error separately in its brief. In its first assignment of error, MSM contends that the trial court erred when it granted the board's motion for summary judgment. In its second assignment of error, MSM contends that the trial court erred when it determined that it did not submit a responsive bid to the board's request for proposals. We will not address the merits of MSM's assignments of error. Instead, under a de novo review, we conclude the trial court properly granted summary judgment in this matter

because MSM is not entitled to the relief requested in its complaint. Specifically, monetary damages are not available to an unsuccessful bidder under R.C. 3313.46.

Paragraph 15 of MSM's August 4, 2000 complaint provides:

"The board's wrongful rejection of MSM's bid has proximately caused MSM a loss of business profit, in the amount of $43,817.58."

As a result of the monetary damages MSM allegedly suffered, it requested judgment in the amount of $43,817.58, prejudgment interest, court costs, expenses of litigation and attorney fees, plus interest from the date of judgment.

■ Case law in Ohio provides that injunctive relief is available as a remedy for an unsuccessful bidder. *Hardrives Paving & Constr., Inc. v. Niles* (1994), 99 Ohio App.3d 243, 247, 650 N.E.2d 482, 484, citing *Cedar Bay Constr., Inc. v. Fremont* (Nov. 18, 1988), Sandusky App. No. S–87–36, unreported, 1988 WL 123642, at * 2, affirmed (1990), 50 Ohio St.3d 19, 552 N.E.2d 202; *Wilson Bennett, Inc. v. Greater Cleveland Regional Transit Auth.* (1990), 67 Ohio App.3d 812, 821, 588 N.E.2d 920, 926. However, " '[a]n injunction is proper only where there is no adequate remedy at law.' " *Hardrives Paving & Constr., Inc.,* 99 Ohio App.3d at 247, 650 N.E.2d at 484, quoting *Fodor v. First Natl. Supermarkets, Inc.* (1992), 63 Ohio St.3d 489, 491, 589 N.E.2d 17, 19. Thus, "if monetary damages for lost profits were an available remedy, damages would provide an adequate remedy at law and injunction would not be appropriate. * * * [T]he fact that injunctive relief is available generally indicates that a monetary award is not available for lost profits." *Hardrives Paving & Constr., Inc.,* 99 Ohio App.3d at 247, 650 N.E.2d at 484.

The court in the *Hardrives Paving & Constr., Inc.* also noted that other policy considerations militate against allowing monetary damages. The intent of public bidding is to protect both the public and the bidders. *Id.,* 99 Ohio App.3d at 247, 650 N.E.2d at 485. If plaintiffs in public bidding cases were permitted to receive monetary damages, only the bidders would be protected because the public would have to pay the contract price of the successful bidder in addition to the lost profits of an aggrieved bidder. *Id.* However, if an injunction is the sole available remedy, both the public and the bidders are protected. *Id.* at 248, 650 N.E.2d at 485.

The Franklin County Court of Appeals did permit monetary damages, in an unsuccessful bidder case, in *Mechanical Contrs. Assn. of Cincinnati, Inc. v. Univ. of Cincinnati* (2001), 141 Ohio App.3d 333, 750 N.E.2d 1217. That case involved the violation of competitive bidding rules contained in R.C. Chapter 153 and other statutes pertaining to public works contracts. In their complaint, plaintiffs requested a declaratory judgment, a preliminary and permanent injunc-

tion prohibiting the university from undertaking further construction in violation of competitive bidding rules for public contracts, and monetary damages for detrimental reliance and lost profits.

The Court of Claims granted plaintiffs' motion for partial summary judgment, concluding that the university had violated R.C. Chapter 153, and permanently enjoined the university from any other bidding that was not in compliance with R.C. Chapter 153. However, following trial, the Court of Claims did not award any monetary damages. On appeal, the Franklin County Court of Appeals recognized the general rule that an unsuccessful bidder is entitled only to injunctive relief. However, the court stated:

"[W]e are troubled by the reality that the limited relief granted results in a public entity's potential ability to violate laws intended to benefit the public without fear of any meaningful reprisal which might deter such violations in the future. In addition, we are mindful of the fact that the plaintiffs who pursue such litigation and prevail in attaining a declaratory judgment favorable to all taxpayers might have no recourse in recouping financial losses incurred in the process." *Id.* at 343, 750 N.E.2d at 1225

Therefore, due to the ongoing, costly nature of the litigation between the parties, the Franklin County Court of Appeals remanded the matter to the Court of Claims to address the issue of damages.

We find the case sub judice distinguishable from the *Mechanical Contrs.* case. First, appellant never sought injunctive relief, in addition to monetary damages, as the plaintiffs did in the *Mechanical Contrs.* case. Second, the litigation in this case has not been ongoing for years, as it was in the *Mechanical Contrs.* case. Finally, unlike the bidders in the *Mechanical Contrs.* case, the record in this case indicates that MSM's bid may not have been responsive in that it did not include either Compaq or Dell computers. Therefore, MSM cannot establish that it would have been the successful bidder.

Accordingly, we overrule MSM's first and second assignments of error. The trial court properly granted the board's motion for summary judgment because MSM is not entitled to the relief requested in its complaint.

For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County is affirmed.

*Judgment affirmed.*

EDWARDS, P.J., and BOGGINS, J., concur.