**CEMENTECH, INC., Appellant,**

v.

**CITY OF FAIRLAWN, Appellee.**

[Cite as *Cementech, Inc. v. Fairlawn,* 160 Ohio App.3d 450, 2005-Ohio-1709.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 22309.

Decided April 13, 2005.

David M. Leneghan, for appellant.

Edward J. Riegler, Akron Law Director, and Robert C. Hunt, for appellee.

WHITMORE, Presiding Judge.

{¶ 1} Plaintiff-appellant, Cementech, has appealed from a decision of the Summit County Court of Common Pleas that limited the potential damages it could receive for bid-preparation costs. This court affirms in part and reverses in part.

I

{¶ 2} The instant matter stems from a request for bids for a service road in Fairlawn by defendant-appellee, the city of Fairlawn. Plaintiff-appellant, Cementech, submitted a bid for the service-road project. Fairlawn rejected the bid. On December 31, 2001, Cementech filed a "verified complaint for legal and equitable relief and writ of mandamus; temporary, preliminary, permanent injunction and writ of prohibition" against Fairlawn. In its complaint, Cementech alleged damages for bid-preparation costs, lost profits, consequential damages, and litigation costs in excess of $75,000.

{¶ 3} Although already requested in its complaint, Cementech also filed a separate motion for a temporary restraining order and preliminary and permanent injunction enjoining Fairlawn from taking any action or awarding a contract to any other bidder for the project. On January 4, 2002, Fairlawn responded in

opposition to Cementech's motion for a temporary restraining order and preliminary and permanent injunction.

{¶ 4} In a journal entry dated January 7, 2002, the trial court denied Cementech's motion for a temporary restraining order. The trial court found that "there is not a likelihood or probability of success on the merits by [Cementech] in this case." The trial court also found that "there is little evidence to show that [Cementech] will suffer irreparable harm if the injunctive relief is not granted."

{¶ 5} On February 19, 2002, Cementech filed a second request for a temporary restraining order and preliminary and permanent injunction and/or motion to reconsider. On March 4, 2002, the trial court denied Cementech's second request for a temporary restraining order and preliminary and permanent injunction on its merits and denied its motion for reconsideration on the basis that said relief was not available.

{¶ 6} Fairlawn filed a motion for summary judgment on July 1, 2002. On September 3, 2002, Cementech responded with a motion in opposition to Fairlawn's motion for summary judgment. The trial court granted Fairlawn's motion on November 1, 2002.

{¶ 7} Cementech appealed from the trial court's decision to this court, and we reversed and remanded the case to the trial court.

{¶ 8} With the matter again before the trial court, Fairlawn and Cementech filed memoranda regarding potential awards of damages. On July 14, 2004, the trial court issued an order concerning the damages Cementech could receive if it was successful on its claims. The trial court ruled that "should [Cementech] prevail on its claims against [Fairlawn], then [Cementech] would be entitled to damages in an amount to compensate for bid preparations, but not for anticipated lost profits." Rejecting Cementech's public policy argument concerning damages for lost profits, the trial court found that "[t]he public has already paid for performance under the contract, and should not be expected to pay the same costs twice."

{¶ 9} The trial court was partially persuaded by Cementech's public policy arguments that a deterrent was necessary to ensure that Fairlawn and other government entities followed proper bidding procedures. The trial court found that "the prospect of liability for bid preparations to a disappointed bidder who relied on a municipal corporation's compliance with competitive bidding laws would serve as a reasonable and necessary deterrent to noncompliance with such laws."

{¶ 10} Although Cementech argued that the trial court had discretion to award attorney fees, the trial court found that "attorney fees [were] not appropriate in this case under these circumstances."

{¶ 11} A jury trial was held, and the jury found in favor of Cementech and awarded damages in the amount of $3,725.54 for bid-preparation costs. The jury found that Cementech's bid was the lowest and best bid. The jury also found that Fairlawn abused its discretion in regard to the procedure it used to reject Cementech's bid and that Cementech's bid did not contain a material error or irregularity.

{¶ 12} Cementech has timely appealed from the trial court's ruling prohibiting damages for anticipated lost profits, consequential damages, and attorney fees, asserting two assignments of error.

## II

### Assignment of Error Number One

The trial court erred as a matter of law in prohibiting an award of lost profits and consequential damages.

{¶ 13} In its first assignment of error, Cementech has argued that the trial court erred when it denied Cementech's motion to seek damages for lost profits and consequential damages. Specifically, Cementech has argued that, as a matter of law, it was entitled to monetary damages for detrimental reliance and for lost profits, especially since injunctive relief was denied and Fairlawn was found to have acted illegally.[1] We agree.

{¶ 14} When an appellate court is presented with purely legal questions, the standard of review to be applied is de novo. *Akron–Canton Waste Oil, Inc. v. Safety–Kleen Oil* (1992), 81 Ohio App.3d 591, 602, 611 N.E.2d 955. Under the de novo standard of review, an appellate court does not give deference to a trial court's decision. *Akron v. Frazier* (2001), 142 Ohio App.3d 718, 721, 756 N.E.2d 1258.

{¶ 15} The jury in the instant matter determined in its verdict that Cementech was the lowest and best bid. Therefore, by law Cementech should have been awarded the bid. The next issue before the jury was damages, which prior to trial had been limited by the trial court to bid-preparation costs. The jury awarded Cementech damages for its bid-preparation costs, but based on the trial court's previous ruling, Cementech was not able to recover lost profits. On appeal, Cementech has argued that it is entitled to damages for lost profits. Fairlawn has responded that lost profits are not recoverable because injunctive relief was available.

---

1. While Cementech includes consequential damages in its assignment-of-error heading, its actual argument is for lost profits. Therefore, this court will address its assignment of error in regard to lost profits.

{¶ 16} We find Fairlawn's argument that Cementech could not receive monetary damages because it could have received injunctive relief illusory. Cementech requested injunctive relief, and it was denied. When it was determined that Fairlawn had abused its discretion and that Cementech was the lowest and best bid and, thus, injunctive relief was improperly denied, the project was already complete. With the project complete, injunctive relief wrongfully denied, a determination that Cementech was the lowest and best bid, and a trial court ruling limiting damages to bid-preparation costs, Cementech was left with inadequate relief.

{¶ 17} Under the circumstances of this case, we find that injunctive relief does not preclude monetary damages because such a preclusion would leave companies like Cementech with no real relief and allow government entities to go unpunished for ignoring Ohio and municipal laws. Further, such a limitation undermines the integrity of the bidding process because it does not adequately deter violations of bidding procedures.

■ {¶ 18} This court rejects the public policy arguments set out by other appellate courts and Fairlawn that companies like Cementech cannot receive lost profits because the taxpayers would be paying "twice" for the same project. See *Midwest Serv. Mgmt. v. Local Bd. of Edn.* (2001), 144 Ohio App.3d 443, 760 N.E.2d 837; *Hardrives Paving & Constr., Inc. v. Niles* (1994), 99 Ohio App.3d 243, 650 N.E.2d 482; *Cavanaugh Bldg. Corp. v. Bd. of Cuyahoga Cty. Commrs.* (Jan. 27, 2000), 8th Dist. No. 75607, 2000 WL 86554, 2000 Ohio App. LEXIS 241. We cannot find that a citizen paying "twice" for the same project outweighs all other arguments. Instead, we find that protecting the integrity of the bidding process and ensuring that wronged parties receive meaningful relief outweigh the risk of citizens' paying twice for the same project.

{¶ 19} This court recognizes that we are setting a precedent, but we find that our decision is necessary to protect the integrity of the bidding process and to ensure that government entities take responsibility for their actions and follow proper procedures and laws, thus properly representing their constituents. We find that Fairlawn must be held accountable for abusing its discretion and that Cementech must be able to present evidence of lost profits.

{¶ 20} We must note that the preferred method of resolving bidding disputes is injunctive relief, as that relief would prevent double payment and better serve the integrity of the bidding process. However, based on the facts of this case, injunctive relief is no longer available, and the only available adequate remedy for Cementech beyond costs for bid preparation is lost profits. Compliance with

bidding procedures and thorough review of motions for injunctive relief can reduce the necessity of awarding lost profits.

{¶ 21} Cementech's first assignment of error is well taken.

### Assignment of Error Number Two

The trial court erred as a matter of law in prohibiting the award of attorney fees.

{¶ 22} In its second assignment of error, Cementech has argued that the trial court erred in prohibiting the award of attorney fees. Specifically, Cementech has argued that it was entitled to attorney fees (1) as a matter of law and (2) to become whole. We disagree.

{¶ 23} An appellate court need not decide the propriety of an order granting or denying a motion in limine unless the claimed error is preserved by an objection, proffer, or ruling on the record at the proper point during the trial. *Harbottle v. Harbottle*, 9th Dist. No. 20897, 2002–Ohio–4859, 2002 WL 31060237, at ¶ 55; *Garrett v. Sandusky* (1994), 68 Ohio St.3d 139, 141, 624 N.E.2d 704, citing *State v. Grubb* (1986), 28 Ohio St.3d 199, 202–203, 28 OBR 285, 503 N.E.2d 142. The necessity to preserve the claimed error results because a "ruling on a motion in limine is *only* a preliminary ruling." (Emphasis added.) *Dobbins v. Kalbaugh*, 9th Dist. Nos. 20714, 20918, and 20920, 2002–Ohio–6465, 2002 WL 31662749, at ¶ 20, citing *State v. Hill*, 75 Ohio St.3d 195, 202–203, 661 N.E.2d 1068, certiorari denied (1996), 519 U.S. 895, 117 S.Ct. 241, 136 L.Ed.2d 170. Accordingly, when the trial court prohibits a party from presenting certain evidence at trial, this party must "seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal." *Harbottle* at ¶ 56, quoting *Grubb*, 28 Ohio St.3d 199, 28 OBR 285, 503 N.E.2d 142, paragraph two of the syllabus.

{¶ 24} In the instant case, the trial court limited evidence of damages to bid preparation costs and found that Cementech could not introduce evidence of lost profits or attorney fees. Therefore, Cementech was required to seek the introduction of this evidence by proffer or otherwise to properly preserve this issue for appeal. See *Harbottle* at ¶ 56; *Garrett*, 68 Ohio St.3d at 141, 624 N.E.2d 704. A thorough review of the record reveals that while Cementech did proffer evidence of lost profits, it failed to proffer any evidence of attorney fees. Further, Cementech admitted during oral argument that it did not proffer evidence of attorney fees. Therefore, Cementech has not properly preserved this error for appeal, and this court has nothing to review. See *Harbottle* at ¶ 56.

{¶ 25} Cementech's second assignment of error is not well taken.

### III

{¶ 26} Cementech's first assignment of error is sustained, and Cementech's second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for proceedings consistent with this opinion as it relates to lost profits, and it is affirmed as it relates to attorney fees.

Judgment affirmed in part
and reversed in part,
and cause remanded.

BATCHELDER and MOORE, JJ., concur.