Cementech, Inc., Appellee, *v.* City of Fairlawn, Appellant.

[Cite as *Cementech, Inc. v. Fairlawn,*
109 Ohio St.3d 475, 2006-Ohio-2991.]

(Nos. 2005–0970 and 2005–0971—Submitted February
22, 2006—Decided June 28, 2006.)

Alice Robie Resnick, J.

{¶ 1} On December 1 and 8, 2001, the appellant, the city of Fairlawn, publicly advertised that it was accepting bids for a service-road project. The appellant later issued an addendum on December 10, 2001, to include planting pear trees as part of the project.

{¶ 2} On December 17, 2001, the bids were opened, and the appellant's law director notified the appellee, Cementech, Inc., that its bid had been rejected for failure to include the addendum in the bid. A few days later, the Fairlawn City Board of Audit and Review held a meeting in which it reviewed the submitted bids, as well as correspondence from the appellee regarding its bid and the bidding process. The board agreed to disqualify the appellee's bid and recognize another bid as the lowest and most responsive.

{¶ 3} Appellee filed suit against the appellant and requested that the court enjoin the appellant from taking any action or awarding the contract to any other bidder. The trial court denied the appellee's request for injunctive relief, and the appellee did not appeal the denial. The trial court later granted the appellant's motion for summary judgment.

{¶ 4} The appellee appealed the summary judgment to the Ninth District Court of Appeals. The appellate court reversed the summary judgment after holding that the appellant had failed to produce evidence that the city's law director had the authority to make the decision to remove the appellee's bid from consideration. *Cementech, Inc. v. Fairlawn*, Summit App. No. 21344, 2003-Ohio-3145, 2003 WL 21396510, ¶ 14. The appellate court remanded the cause to the trial court for a hearing on the merits. Id. at ¶ 17.

{¶ 5} On remand, the trial court ruled that the appellee could recover its cost of bid preparations, but nothing more, should it prevail on its claims for violations of the competitive-bidding process. In reaching this conclusion, the court reasoned that it was not in the public's interest to allow a rejected bidder to recover lost profits, because the public had already paid for performance by the successful bidder (including its profits) and should not be required to pay profits a second time. The trial court further found that the prospect of liability for bid preparations would serve as a reasonable and necessary deterrent to a municipality's noncompliance with competitive-bidding laws.

{¶ 6} A trial ensued, and a jury found in favor of the appellee and awarded it damages in the amount of the cost of its bid preparations. Following the verdict, the appellee appealed the trial court's order limiting damages to the cost of bid preparations. The appellate court reversed the trial court's judgment that lost profits could not be recovered. The court determined that the project had been completed because injunctive relief had been denied and that if the appellee could not recover its lost profits, it was left with inadequate relief. Further, the appellate court held that precluding recovery of lost profits would undermine the integrity of the competitive-bidding process because other relief would not adequately discourage government entities from violating bidding procedures.

{¶ 7} The appellate court recognized that its decision rejected the public-policy argument that other appellate courts had found persuasive. Specifically, the court held that the interest of protecting the integrity of the bidding process and ensuring that wronged parties receive meaningful relief outweighs the risk of taxpayers' paying profits twice for the same project. However, the appellate court also noted that the way to avoid awarding lost profits was by granting an injunction pending the outcome on the merits.

{¶ 8} The court of appeals determined that its judgment conflicted with the judgment of the Eighth District Court of Appeals in *Cavanaugh Bldg. Corp. v. Cuyahoga Cty. Bd. of Commrs.* (Jan. 27, 2000), 8th Dist. No. 75607, 2000 WL 86554, and the judgment of the Eleventh District Court of Appeals in *Hardrives Paving & Constr., Inc. v. Niles* (1994), 99 Ohio App.3d 243, 650 N.E.2d 482, on the following issue: "Does the availability of injunctive relief if timely filed but denied preclude an award of lost profits in a municipal contract case?" The cause

is now before this court upon our determination that a conflict exists (case No. 2005–0971), as well as pursuant to our acceptance of a discretionary appeal (case No. 2005–0970).

{¶ 9} The intent of competitive bidding is to protect the taxpayer, prevent excessive costs and corrupt practices, and provide open and honest competition in bidding for public contracts. *Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist.* (1995), 73 Ohio St.3d 590, 602, 653 N.E.2d 646. While allowing lost-profit damages in municipal-contract cases would protect bidders from corrupt practices, it also would harm the taxpayers by forcing them to bear the extra cost of lost profits to rejected bidders. Thus, the purposes of competitive bidding clearly militate against allowing lost-profit damages to rejected bidders.

{¶ 10} Rather, a rejected bidder is limited to injunctive relief. An injunction is an extraordinary remedy in equity where there is no adequate remedy at law. *Garono v. State* (1988), 37 Ohio St.3d 171, 173, 524 N.E.2d 496. The grant or denial of an injunction depends largely on the character of the case, the particular facts involved, and factors relating to public policy and convenience. *Perkins v. Quaker City* (1956), 165 Ohio St. 120, 125, 59 O.O. 151, 133 N.E.2d 595. Further, the granting of an injunction should be done with caution, " 'especially in cases affecting a public interest where the court is asked to interfere with or suspend the operation of important works or control the action of another department of government.' " *Danis,* 73 Ohio St.3d at 604, 653 N.E.2d 646, quoting *Leaseway Distrib. Ctrs, Inc. v. Dept. of Adm. Servs.* (1988), 49 Ohio App.3d 99, 106, 550 N.E.2d 955.

{¶ 11} It is clear that in the context of competitive bidding for public contracts, injunctive relief provides a remedy that prevents excessive costs and corrupt practices, as well as protects the integrity of the bidding process, the public, and the bidders. Moreover, the injunctive process and the resulting delays serve as a sufficient deterrent to a municipality's violation of competitive-bidding laws.

{¶ 12} In this case, the appellate court justified its decision to award the appellee lost profits by finding that precluding damages would "allow government entities to go unpunished for ignoring Ohio and municipal laws." *Cementech, Inc.,* 160 Ohio App.3d 450, 2005-Ohio-1709, 827 N.E.2d 819, ¶ 17. However, punishing government entities through lost-profit damages to rejected bidders in effect punishes the very persons competitive bidding is intended to protect—the taxpayers. This court has long prohibited the assessment of punitive damages against a municipal corporation, except when specifically permitted by statute, for that very reason. *Ranells v. Cleveland* (1975), 41 Ohio St.2d 1, 6–7, 70 O.O.2d 1, 321 N.E.2d 885.

{¶ 13} Unfortunately, the appellee did not appeal the trial court's denial of its motion for injunctive relief. Consequently, the propriety of the denial of the

appellee's motion for an injunction was not an issue before the court. The service-road project proceeded and was completed by another bidder. Although it is true that the appellee lost profits due to the appellant's wrongly awarding the project to another bidder, we believe it would be unfair to hold the taxpayers liable for the appellee's loss.

{¶ 14} Therefore, we hold that when a municipality violates competitive-bidding laws in awarding a competitively bid project, the rejected bidder cannot recover its lost profits as damages.

{¶ 15} Accordingly, we reverse the judgment of the court of appeals.

Judgment reversed.

MOYER, C.J., LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., concurs in judgment only.

———————

David M. Leneghan, for appellee.

Amer Cunningham Co., L.P.A., Jack Morrison Jr., and Thomas R. Houlihan; Edward J. Riegler, city of Fairlawn Law Director, for appellant.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Diane Richards Brey, Deputy Solicitor, and William C. Becker, Holly Hunt, and Erik J. Clark, Assistant Attorneys General, urging reversal on behalf of amicus curiae Ohio Attorney General Jim Petro.

Barry M. Byron, Stephen L. Byron, and John Gotherman, urging reversal on behalf of amicus curiae the Ohio Municipal League.

Schottenstein, Zox & Dunn and Roger L. Sabo, urging affirmance on behalf of amicus curiae Associated General Contractors of Ohio and Ohio Contractors Association.

McFadden, Winner & Savage and James S. Savage, urging affirmance on behalf of amicus curiae National Electrical Contractors Association, Ohio Conference.